IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GRADY BOLTON §<br>  *Plaintiff* §<br> §<br>V. §<br> §<br>CITY OF AUSTIN; AUSTIN POLICE §<br>OFFICER RANDY DEAR; AUSTIN POLICE §<br>OFFICER MANUEL JIMENEZ; AUSTIN §<br>POLICE OFFICER MICHAEL NGUYEN; §<br>AUSTIN POLICE OFFICER ROLANDO §<br>RAMIREZ §<br>  *Defendants* § | Civil Action No. 1:17-cv-00077 SS |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
## RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE SAM SPARKS:

COMES NOW Defendants' Reply to Plaintiff's Opposition to Rule 12(c) Motion for Judgment on the Pleadings, and respectfully shows as follows:

## I.
## Introduction

Plaintiff's response asks the Court to ignore "established circuit law" and reject the independent intermediary doctrine based on a new allegation of taint which he failed to plead and fails to support. The Fifth Circuit rejected the same request by Plaintiff's counsel just last year, and numerous courts have followed circuit precedent since. *Buehler v. City of Austin/Austin Police Department, et al.*, 824 F.3d 548, 551 (5th Cir. 2016). Plaintiff alleges that the injury element is met for an excessive force claim without offering any case law in support, shows none of the elements for a due process claim, and fails to meet his burden to overcome qualified immunity.

## II.
## Rule 12(c)

Plaintiff wrongly asserts that "[t]his Court cannot take judicial notice of the finding of probable cause by the magistrate." *Response*, p.5. Plaintiff cannot rely on Rule 12(d) to exclude matters which are central to the probable cause element of Plaintiff's claims.

First, "documents attached to a motion to dismiss are considered to be a part of the pleadings, if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Winter*, 224 F.3d 496, 490-99 (5th Cir. 2000); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp.2d 919, 926 (N.D. Tex. 2014) ("documents are central when they are necessary to establish an element of one of the plaintiff's claims."). The Affidavit for Warrant of Arrest and Detention is central to Plaintiff's claim that he was arrested without probable cause. *Causey v. Sewell Cadillac-Chevrolet, Inc.* 394 F.3d 285, 288 (5th Cir. 2004). *Jordan v. Brumfield*, 687 Fed.Appx. 408 *fn*4 (5th Cir. 2017) (Properly relying on affidavit for warrant of arrest in granting Rule 12 motion). The Court may judicially notice a fact that is not subject to reasonable dispute, and should where qualified immunity is asserted. *Fed.RulesEvid.*, Rule 201.

Second, Defendants only submitted Plaintiff's arrest Affidavit because Plaintiff was not forthcoming with the Court, selectively omitting that probable cause is established as a matter of law to survive dismissal. Exhibit 1. The Affidavit is submitted only as evidence that a magistrate found probable cause, Defendants did not cite to any of the facts contained therein, and cited only to facts contained in Plaintiff's video from which the Court may make its own determination of the facts. Exhibit A.

2

## III.
## Argument & Authorities

Plaintiff's shotgun approach attempts to attribute the alleged acts of a deceased officer which caused injury, but who is not a defendant to Nguyen and Jimenez fails. This is not a case where the acts of multiple officers may be indistinguishable. Plaintiff pleads very specific acts by each individual officer at the scene which he alleges were excessive force.

**A.   Plaintiff's false arrest and due process claims are defeated by a probable cause finding by a magistrate.**

Courts in the Fifth Circuit are "governed by our existing independent intermediary doctrine." *Buehler*, at 554. This year the U. S. Supreme Court denied a petition for certiorari by Plaintiff's counsel seeking to reverse the doctrine in another case in the Austin Division. *Antonio Frances Buehler v. Austin Police Department, et al.*, 137 S.Ct. 1579 (April 17, 2017). Contrary to Plaintiff's unsupported assertion that the doctrine may only be decided at summary judgment, dismissal under a Rule 12 motion is proper. *Saturn v. Barnett, et al.*, 2016 WL 7392240 *4 (W.D. Austin Div. 2016) (granting Rule 12(b)(6) motion based on independent intermediary doctrine).

    1.   <u>Mere allegations of taint fail to overcome the presumption of probable cause.</u>

To survive dismissal, for the first time Plaintiff now alleges in his response that the "intermediary's determination was tainted by the Defendants' failure to provide all of the facts to the intermediary." *Response*, p.6. Plaintiff's allegation of "taint" appears nowhere in Plaintiff's pleading. *1st Amended Complaint*. "[A] court must accept all factual allegations as true, and the complaint must state only a plausible claim," but Plaintiff's complaint failed to make any allegation of taint to state a plausible claim. *McLin v. Ard*, 866 F.3d 682, 690 (5th Cir. 2017)

3

("such allegations may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference" of taint), citing *Saturn*.

"Mere allegations of 'taint,' without more, are insufficient . . . the plaintiff must 'affirmatively show[ ]' that the defendants tainted the intermediary's decision. *Crain v. Dall. Area Rapid Transit Auth.*, 504 Fed.Appx. 328, 332 (5th Cir. 2012); *Sheilds v. Twiss*, 389 F.3d 143, 150 (5th Cir. 2004). To satisfy the taint exception, omissions of exculpatory information must be 'knowing[ ].' *Cuadra*, 616 F.3d at 813-14; see *Allen v. Jackson County*, 623 Fed.Appx. 161, 162 (5th Cir. 2015)." *Buehler*, at 555 (internal citations omitted). "Primarily, Buehler attempts to show taint by pointing to alleged inconsistencies . . . [m]uch of Buehler's evidence simply shows that his actions and those of the arresting officers were subject to different interpretations. *See Anderson v. City of McComb*, 539 Fed.Appx. 385, 387 (5th Cir. 2013) (affirming court's ruling that the independent intermediary doctrine shielded a police chief where he presented one version of legitimately disputed facts to a magistrate judge)." *Buehler*, at 555-56 (internal quotations and citations omitted) ("Under established circuit law, Buehler had the burden of affirmatively showing that the grant jury's deliberations were tainted, and failed to do so.").

Plaintiff attempts to allege taint by attacking the Affidavit by a deceased police officer who is not a defendant. Certainly, actions taken in split seconds during this hectic scuffle are subject to different interpretations. <u>Exhibit A.</u> Plaintiff "has failed to identify any actual material false statements in [officer's] sworn statement, only offering his own conclusory beliefs of their falsity . . . failed to sufficiently plead that [officer] knowingly presented false information to the judge, failed to adequately plead facts supporting that his arrest was without probable cause and thus his claims of false arrest fail." *Saturn*, at *4.

4

2.     The independent intermediary doctrine applies equally to after-acquired warrants.

Plaintiff responds that "the Fifth Circuit has, wrongly, extended the protections of the Doctrine to arrests made prior to an indictment by a grand jury, [but] it does not appear that the protection extends to an after-acquired arrest warrant." *Response*, p.17. Plaintiff also alleges that "Defendants have not provided any case law to support their position that merely a warrant will suffice," but Plaintiff's counsel is well aware from her previous litigation that Fifth Circuit "precedents have applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." *Buehler*, at 554 (*See Taylor v. Gregg*, 36 F.3d 453, 455-57 (5th Cir. 1994) (applying doctrine where presentment to magistrate and grand jury occurred after arrest), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003) (en banc).

3.     Plaintiff fails to show a due process claim.

Defendants did not address a due process claim because Plaintiff merely pled that the "City of Austin violated Bolton's right to due process through its policies, pattern and/or practice as described above," without more. *Amended Complaint*, ¶7.2. First, policy/pattern/practice claims are *Monell* claims are the City has already been dismissed. Plaintiff's response merely asserts "deprivation of the right to due process," without more. *Amended Response*, p.1. Surviving dismissal, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, if Plaintiff bases his due process claim on allegations of a false affidavit, "[a] person may have a Fourteenth Amendment due process claim based on manufactured evidence if '[1] police intentionally fabricate evidence and successfully get someone falsely charged . . . and [2] the Fourth Amendment is unavailing'." *Saturn*, at *3, citing *Cole v. Carson*, 802 F.3d 752,

773 (5th Cir. 2015). "To allege intentional police fabrication the plaintiff must make more than conclusory allegations. *Id.* In addition to showing intentional police fabrication, the plaintiff needs to allege facts that show the claim cannot be brought under the Fourth Amendment. Typically, if the manufactured evidence leads only to an arrest and not a trial, the plaintiff must seek recovery under the Fourth Amendment because the Fourth Amendment provides protection for pre-adjudication rights and if a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing th[o]se claims. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989))." *Saturn*, *3. Plaintiff herein admits that "the charges were dismissed," and his bare allegation of due process should also be dismissed. *Amended Complaint*, ¶5.13.

**B.     Plaintiff fails to show the elements of an excessive force claim against any Defendant**

Plaintiff fails to show the injury, causation, or clearly unreasonable elements of his excessive force claim.

1.     *De minimis* injuries are not from alleged excessive force by Nguyen or Jimenez.

Plaintiff fails to show the first element without a constitutional physical injury, pleading only *de minimus* facial contusions and bruises to hands and arms, and his response adds nothing more. Plaintiff fails to show the first element without psychological injury, pleading only generally "emotional injuries, mental anguish, humiliation, trauma and the indignity." More importantly, psychological injury is abandoned in response to Defendant's dismissal motion, and it is now waived. *Amended Complaint*, ¶6.10. "A significant injury is not required to state an excessive force claim, but the plaintiff must claim 'to have suffered at least some form of injury.' *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (citation and internal quotation marks

6

omitted); *see also Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)." That injury must be attributed to the specific acts of force alleged against Nguyen and Jimenez, not a deceased officer who is not sued. Alleged "facial contusions and significant bruising to his face, hands and arms" do not rise to the level of a constitutional injury, and Plaintiff offers no case law supporting that contusions and bruises are more than *de minimis*. *Response*, p.3-4. The Fifth Circuit has found no injury on similar alleged acts of force, concluding a claim "that the deputies twisted [plaintiff's] arms behind her back while handcuffing her, 'jerked her all over the carport,' and applied the handcuffs too tightly, causing bruises and marks on her wrists and arms" was *de minimis*. *Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007).

2.  Injury from Johnson's acts lack causation to Nguyen or Jimenez.

Plaintiff fails to show the second element of causation because facial contusions if true caused by Johnson's "punches" and "pummeling," are not caused by the minimal physical contact by Nguyen (kneed) and Jimenez (pushing, grabbing his arm, or attempting a leg sweep). Even if not waived, such minimal physical contact could not cause psychological injury rising to the level of constitutional injury.

3.  Johnson's acts are not clearly unreasonable acts of Nguyen or Jimenez.

The only acts of force alleged by Nguyen (kneed) and Jimenez (grabbed, pushed, "attempted" leg sweep) are not excessive, and Plaintiff cites no case showing that those particular acts used to subdue a subject and effectuate an arrest are constitutionally impermissible force. An "attempted" maneuver is not even force, much less excessive force.

    4.    <u>Bystander claims fail without an underlying constitutional violation.</u>

Plaintiff's false arrest and due process claims are barred by the independent intermediary doctrine, and his excessive force claim does not support a bystander claim against the Officers who have qualified immunity.

**C.    The Officers have qualified immunity from all claims.**

Even if Plaintiff adequately pled claims to survive a Rule 12(c) motion, his claims are barred by qualified immunity without showing both that (1) Nguyen or Jimenez violated a statutory or constitutional right, and (2) the right was clearly established, as clarified just last month by the Fifth Circuit in *Lincoln*. First, Plaintiff failed to plead a waiver of qualified immunity, merely asserting that "[a]ny reasonable officer would know that arresting a person when there is no reasonable suspicion . . . is a violation of the person's clearly established right to be free from unlawful arrest." *Amended Complaint*, ¶5.19. Of course, the standard for false arrest is probable cause, not reasonable suspicion, and the Officers had probable cause as a matter of law so whether the right was clearly established is not reached and quality immunity is preserved.

Second, that leaves only Plaintiff's assertion that "[a]ny reasonable officer would know that assaulting a person in the manner that Bolton was assaulted was a violation of Bolton's clearly established constitutional right not to be subjected to excessive force during arrest." *Amended Complaint*, ¶5.20. Similarly, Plaintiff's response merely asserts that he "had a clearly established right to be free from excessive force," and "[a]ny reasonable officer knows or should know that assaulting Bolton by punching him in the head, pushing him and kneeing him in the back during the arrest was a violation of Bolton's clearly established constitutional rights to be free from excessive force during arrest." *Response*, p.11-12. "Qualified immunity does not

8

operate at a high level of generality. Otherwise, '[p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights'." *Lincoln v. Turner,* 2017 WL 4898470 *11 (5th Cir. Oct. 31, 2017). Plaintiff's assertions are merely "arguments that feed into the first step of the qualified immunity analysis—whether there was a constitutional violation. Accordingly, [plaintiff] waived argument as to the clearly established law prong and thus cannot overcome qualified immunity." *Lincoln,* at *12 (granting Rule 12(b)(6) on qualified immunity finding that "we cannot on this record conclude that Erin could overcome qualified immunity on her excessive force claim given the lack of guiding precedent that shows the force used in this particular situation was 'clearly unreasonable'.") Just as in *Lincoln,* plaintiff herein "cites no case law to show that no reasonable officer . . . it is not clear that her contention was that the right to be free from excessive force was clearly established *in this case* [and on these facts]. Instead, she suggests that her allegations lead to the conclusion that physically removing Erin in the manner that Turner did was unreasonable, and that her injuries sustain her claim." *Lincoln,* at *12 (emphasis added).

The Officers have qualified immunity from Fourth Amendment claims because the law is clearly established that Officers may use control techniques to make an arrest. *Graham v. Connor,* 490 U.S. 386, 396 (1989) ("the right to use some degree of physical coercion or threat thereof to effect it."). Plaintiff cites no authority to support that the specific acts of force he complains of against Nguyen (kneeing) or Jimenez (grabbing an arm, pushing, or attempting a leg sweep) are unreasonable or excessive. Instead, Plaintiff alleges that "the most officers needed to do was put handcuffs on Plaintiff while he was standing." *Response,* p.9. "Although, in retrospect, there may have been alternative courses of action for Henderson to take, we will not use 'the 20-20 vision of hindsight' to judge the reasonableness of Henderson's use of force."

*Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003) citing *Graham*, (use of force was not objectively unreasonable and not a violation of the constitution).

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions . . . and protects all but the plainly incompetent." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011). "[N]o right is guaranteed by federal law that one will be free from circumstances where he will be endangered by the misinterpretation of his acts." *Young v. City of Killeen, Tex.*, 775 F.2d 1349, 1353 (5th Cir. 1985). "Grisham's injury, if any, was *de minimis*, and the amount of force used was not excessive as a matter of law. Thus, Plaintiffs have not shown [officer] violated [plaintiff's] right to be free of excessive force and cannot rebut [officer's] defense of qualified immunity." *Holcomb v. McCraw*, 2017 WL 2799883, *7 (W.D. Austin Div. 2017). Plaintiff's allegations against deceased Officer Johnson, do not overcome Nguyen and Jimenez's qualified immunity.

## IV.
## Prayer

WHEREFORE, Defendants pray that all Plaintiff's claims be dismissed, and for attorney's fees and costs and all other relief to which they may be entitled.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

*/s/ Chris Edwards*
CHRIS EDWARDS
State Bar No. 05337646
Assistant City Attorney
City of Austin-Law Department
Post Office Box 1546
Austin, Texas 78767-1546
(512) 974-2419
(512) 974-1311 [FAX]

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

This is to certify that I served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 6th day of November, 2017.

**Via E-Filing to:**
Daphne Pattison Silverman
daphnesilverman@gmail.com
SILVERMAN LAW GROUP
501 North IH-35
Austin, Texas 78702
(512) 485-3003 Tel
(512) 597-1658 Fax

ATTORNEY FOR PLAINTIFF

_____
CHRIS EDWARDS