IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRADY BOLTON § | | |
|       PLAINTIFF § | | 1:17cv00077 |
| § | | |
| V. § | | |
| § | | |
| CITY OF AUSTIN, ET AL. § | | |
| § | | |
|       DEFENDANT § | | |

**PLAINTIFF'S CROSS MOTION TO EXCLUDE THE EXPERT OPINIONS AND TESTIMONY OF CRAIG MILLER AND SHARLA HANKE AND PLAINTIFF'S OPPOSITION TO DEFEDANTS' MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY OF KIMBERLY BUSTOS**

To the Honorable Sam Sparks:

    COMES NOW Plaintiff, Grady Bolton, and files this Cross Motion to Exclude the Expert Opinions and Testimony of Craig Miller and Sharla Hanke and this Opposition to Defendants' Motion to Exclude Expert Opinions and Testimony of Kimberly Bustos pursuant to Federal Rules of Evidence 403 and 702, and shows as follows:

**PRELIMINARY STATEMENT**

    Plaintiff, Grady Bolton, opposes Defendants' Motion to Exclude the Expert Testimony of Kimber Bustos. Defendants' reason for exclusion is because they disagree with Ms. Bustos' conclusion. That is not a proper reason for exclusion. Ms. Bustos has the knowledge, skill, experience and training required to testify as an expert on the issue of use of force. Ms. Bustos offers relevant and reliable opinions and testimony that will be useful to the jury in reaching a conclusion on the facts. As such, the Defendants' Motion to Exclude Ms. Bustos' testimony should be denied.

    The individual officers have offered Craig Miller to serve as their expert in this matter

with regard to whether the officers' actions were reasonable. The expert should be excluded for the following reasons:

1) Lack of basis for his opinions; and

2) Unfairly prejudicial opinions about the Plaintiff on which he has no knowledge or evidence to support.

Defendants also seek to offer testimony from Sharla Hanke regarding Plaintiff's level of intoxication. This testimony should be excluded as being unduly prejudicial.

## **STANDARD OF REVIEW**

Rule 702 governs the admissibility of expert testimony. As a threshold matter, Rule 702 requires qualification by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Rule 702 permits testimony from a qualified expert if: (1) the expert's knowledge will assist the trier of fact to understand the evidence or determine a fact in issue; (2) the expert bases the testimony on "sufficient facts or data"; (3) the expert's testimony "is the product of reliable principles and methods"; and (4) "the expert has reliably applied the principles and methods to the facts of the case." Id.

The Court has the role of gatekeeper under Federal Rule of Evidence 702. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002). First, the Court must decide if the expert is "qualified by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Rule 702). However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993)).

Then the Court must determine if the expert's testimony is relevant. To be relevant, "expert testimony [must] 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Pipitone*, 288 F.3d at 245 (quoting *Daubert*, 509 U.S. at 591). "Relevance depends upon 'whether [the expert's] reasoning or methodology properly can be applied to the facts in issue.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quoting *Daubert*, 509 U.S. at 593); see also Rule 702(d) (requiring that "expert has reliably applied the principles and methods to the facts of the case").

Finally, the Court must determine whether the expert's testimony is reliable. "Reliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Knight*, 482 F.3d at 352 (quoting *Daubert*, 509 U.S. at 592-93); see also Rule 702(c) (requiring that "testimony [be] the product of reliable principles and methods"). The opinion must be "more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. Determining reliability is generally done using the *Daubert* factors. However, these factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of [the] testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)).

As the proponent of Ms. Busto's testimony, Plaintiffs bear the burden of proving, by a preponderance of evidence, that the testimony meets the requirements of Rule 702. *See Daubert*, 509 U.S. at 592 n.10; *see also Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the

burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## **LEGAL ARGUMENT AND ANAYLSIS**

### **Opposition to Defendants' Motion**

**I.  Ms. Bustos is Qualifed**

Ms. Bustos has over 20 years of law enforcement experience.  See the Affidavit of Kimberly M. Bustos ¶ 1, which is attached hereto as **Exhibit A** (hereinafter referred to as Bustos Aff.).  She has not only worked as a patrol officer, but also as a supervisor.  See Bustos Aff. ¶¶ 2-5.  Ms. Bustos has experience testifying on criminal matters.  See Bustos Aff. ¶ 14.  Ms. Bustos has training and has trained officers regarding use of force.  See Bustos Aff. ¶¶ 9-11.

It is not necessary that Ms. Bustos have higher education degrees or that Ms. Bustos be published to qualify as an expert, despite Defendants' argument to the contrary.  She must only possess the knowledge and experience to aid the trier of fact.  *U.S. v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004).  Clearly Ms. Bustos does possess such knowledge and experience.  Ms. Bustos has the relevant experience and training to make determinations as to whether, when and how much force an officer should use in a given situation.  As such, she is qualified to give an opinion as to the use of force in this matter.

**II.  Ms. Bustos' Testimony is Relevant**

Ms. Bustos' testimony is relevant.  The issue in this matter is whether the use of force by the Defendant officers was justified.  As a patrol officer, a police sergeant, a police lieutenant, and a police captain, Ms. Bustos received training regarding the appropriate use of force.  See Bustos Aff. ¶¶ 9, 11.  Ms. Bustos then put that training into practice while in the line of duty and

4

in private crowd control and security jobs. Ms. Bustos has knowledge and experience that the average person would not have regarding use of force.

### III. Ms. Bustos' Testimony is Reliable

An expert's testimony is admissible if it "rests upon a reliable foundation." *Primrose Operating Co. v. National American Ins*, 382 F.3d 546, 561 (5th Cir. 2004). Ms. Bustos' testimony and opinions are based upon her law enforcement training and her review of all of the evidence, which included Austin Police Department General Orders Section 200, medical records, deposition testimony, and the like. Bustos Aff. ¶¶ 15-16. The training provided to Ms. Bustos and the information contained in Austin Police Department General Orders Section 200 are a reliable foundation to determine when and how to use force. Ms. Bustos opinion is based on the evidence in this matter, including the video of the incident. See Bustos Expert Report attached hereto as **Exhibit B**. As such, Ms. Bustos' opinion is reliable.

## Cross-Motion to Exclude Testimony of Defendants' Experts

### I. Craig Miller

Defendants hired Craig Miller to be their expert with regard to the issue of appropriate use of force. Mr. Miller's opinions are highly inflammatory, prejudicial, and not based upon the evidence. Mr. Miller's export report is attached hereto as **Exhibit C**. Mr. Miller repeatedly states that the officers were in "harms way." **Exhibit C**. There is no evidence to support that conclusion. Mr. Miller also repeatedly supports his opinion that the officers' use of force was justified by claiming that Plaintiff was angry. **Exhibit C.** There is no evidence to support such a conclusion. In fact, Sergeant Jimenez testified that there was nothing that Plaintiff did that made him a danger. Jimenez Dep. 35:24-36:9, attached hereto as **Exhibit D**. Plaintiff never made any

aggressive moves or actions toward any of the officers. Mr. Miller also assumes that the situation was tense, uncertain and rapidly evolving, without any evidence to support such a conclusion. **Exhibit C**. As such, Mr. Miller should be excluded as an expert because his opinions are unreliable and conclusory.

Mr. Miller's testimony should also be excluded as unfairly prejudicial because he makes sweeping generalizations stating that the Austin Police Department is "outstanding" and is "very progressive and professional" without any evidence to support such conclusions. Furthermore, those conclusions are unfairly prejudicial and not relevant to the issue. An expert's opinion, even if relevant and reliable (Plaintiff denies that Mr. Miller's opinions are relevant and reliable) may be excluded if it is unfairly prejudicial. Federal Rule of Evidence 403. Therefore, Mr. Miller's opinions and testimony should be excluded.

### II. Sharla Hanke

Defendants hired Sharla Hanke as their expert with regard to the issue of the effects of alcohol on the human body. See the Expert Report of Sharla Hanke, attached hereto as **Exhibit E**. Ms. Hanke's opinions about the possible effect of alcohol on a person's body have no relevance to this matter. The issue is whether the officers use of force was proper, not whether Plaintiff was intoxicated. Whether the Plaintiff did something that justified a use of force must be presented through the evidence, not through an "expert's" conjectures.

Further, any probative value of her opinion is outweighed by the unfair prejudice to Plaintiff. Her testimony may prejudice the jury into believing that something was happening when it was not. The Plaintiff's physical and mental state can be made clear to the jury by fact witnesses. As such, Ms. Hanke's testimony and opinions should be excluded.

## **CONCLUSION**

For the foregoing reasons, Plaintiff, Grady Bolton, respectfully requests that this Court deny Defendants' Motion to Exclude the Expert Opinions and Testimony of Kimberly Bustos and grant Plaintiff's Motion to Exclude the Expert Opinions and Testimony of Craig Miller and Sharla Hanke.

Respectfully submitted,

/s/ Daphne Pattison Silverman
By: Daphne Pattison Silverman
The Silverman Law Group
501 North IH-35
Austin, Texas 78702
(512) 485-3003
 (512) 597-1658 Fax
Texas Bar No. 06739550

## CERTIFICATE OF SERVICE

I, Daphne Pattison Silverman, do hereby certify that on March 12, 2018, a true and correct copy of the foregoing document was served on all parties of record via electronic filing.

/s/ Daphne Pattison Silverman
By: Daphne Pattison Silverman
Attorney for Grady Bolton