IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GRADY BOLTON | § | |
|         PLAINTIFF | § | 1:17cv00077 |
| | § | |
| V. | § | |
| | § | |
| CITY OF AUSTIN, ET AL. | § | |
| | § | |
|         DEFENDANT | § | |

### ORDER

Before the Court is Defendant's Motion to Exclude Expert Opinions and Testimony of Kimberly Bustos and Plaintiff's Cross Motion to Exclude Expert Opinions and Testimony of Craig Miller and Sharla Hanke.  The Court having reviewed the motions and the file, makes the following conclusions of law and findings of fact:

1. The issue in this matter is the use of force by the Defendant Police Officers, which resulted in injury to the Plaintiff.

2. Plaintiff proposes to use Kimberly Bustos as its expert with regard to use of force.

3. Plaintiff's expert Kimberly Bustos has 20 years of experience as a law enforcement officer.  She received promotions from patrol officer to captain during her tenure as a law enforcement officer.  She has experience with use of force investigations.  She has supervisory experience in a police force.

4. She also has numerous hours of training and is specifically trained in the use of force.

5. Ms. Bustos opinions are based upon her training, her time as a law enforcement officer and on the facts of the case.

6. Defendants raised concerns regarding the facts upon which Ms. Bustos relied.  These concerns are best addressed during cross-examination before the trier of fact.

7. Ms. Bustos is qualified to serve as an expert in this matter.

8. Defendants propose to use Craig Miller as their expert with regard to use of force.

9. Mr. Miller's opinions are unfairly prejudicial.

10. Defendants propose to use Sharla Hanke as their expert with regard to the effects of alcohol on the human body.

11. The effects of alcohol on the human body is not relevant in this matter.

12. Whether Plaintiff was intoxicated is irrelevant.  It is Plaintiff's actions and the actions of the Defendant Officers that are relevant in this matter.

13. Further, any probative value of testimony by an expert that Plaintiff was intoxicated is outweighed by the highly prejudicial nature of such testimony.

As such, it is Ordered that:

A. Defendant's Motion to Exclude Expert Opinions and Testimony of Kimberly Bustos is DENIED;

B. Plaintiff's Motion to Exclude Expert Opinions and Testimony of Craig Miller is GRANTED;

C. Plaintiff's Motion to Exclude Expert Opinions and Testimony of Sharla Hanke is GRANTED.

Ordered this ____ day of _____, 2018.

_____
HONORABLE SAM SPARKS