IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GRADY BOLTON,
    Plaintiff,

-vs-

CITY OF AUSTIN, RANDY DEAR, MANUEL
JIMENEZ, MICHAEL NGUYEN, and ROLANDO
RAMIREZ,
    Defendants.

Case No. A-17-CA-077-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled case, and specifically Defendants Randy Dear, Manuel Jimenez, Michael Nguyen, and Rolando Ramirez (collectively, Officers)' Motion Summary Judgment [#47], Plaintiff Grady Bolton's Response [#48], in opposition, and the Officers' Reply [#49] thereto as well as the Officers' Motion to Strike [#50].[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.[2]

## Background

Plaintiff alleges the Officers are liable under 42 U.S.C. § 1983 for unlawful detention and excessive force in violation of the Fourth and Fourteenth Amendments.[3]

---

[1] The Officers also filed a motion for spoliation sanctions. *See* Mot. Sanctions [#51]. The Court declines to rule on this unripe motion without a hearing, which a subsequent order will set.

[2] The Court DISMISSES the Officers' motion to strike, which seeks to exclude Plaintiff's summary judgment evidence. *See* Mot. Strike [#50]. The Court does not rely on improper summary judgment evidence, such as pleadings, and will not exclude evidence that may be admissible at trial.

[3] Plaintiff also filed suit against the City of Austin, but the Court previously dismissed the municipal liability claims. Order of June 26, 2017 [#25] at 10.

On February 9, 2015, Plaintiff was attending a friend's bachelor party. He and a group of male friends visited a variety of bars on Sixth Street in Austin. During the evening, Plaintiff claims he had between five and ten beers. Mot. Summ. J. [#47-2] Ex. 1 (Bolton Dep. at 27:9–17). Just before 2 a.m., employees of the bar the friends were visiting asked everyone to leave, but Plaintiff's group of friends has just ordered another round. *Id.* at 32:7–33:7. As Plaintiff was finishing his beer, a bar employee hit the beer out of Plaintiff's hand. *Id.* at 33:12–34:8. Another employee carried Plaintiff from the bar in a bear hug and put Plaintiff out on the sidewalk, about five to ten feet from the bar's door. *Id.* at 34:9–36:11.

One of the bar employees reported the group of friends to Austin Police Department Officers who were already present on Sixth Street. *Id.* at 37:4–39:12. What happened next is disputed. In sum, Plaintiff claims he was attempting to follow orders to leave the area when Officers Jimenez, Johnson, and Nguyen began using force against him without provocation.[4] The Officers claim Plaintiff refused to follow police orders and was intoxicated and aggressive, necessitating the use of force.

However, it is undisputed the Officers did use force against Plaintiff. Officer Jimenez grabbed Plaintiff's wrist and twisted it behind Plaintiff's back. Officer Jimenez also pushed Plaintiff and attempted to execute a leg sweep. Officer Johnson hit Plaintiff in the neck in an effort to effect a brachial stun. Ultimately, Plaintiff, Officer Jimenez, and Officer Johnson ended up on the ground. Officer Johnson continued to hit Plaintiff, and Officer Nguyen repeatedly kneed Plaintiff in the shoulder.

Plaintiff claims he lost consciousness, but the Officers claim Plaintiff remained alert. Eventually, Plaintiff was handcuffed, lifted to the curb, and subsequently transported to the Travis

---

[4] Officer Johnson was not named in this lawsuit because he is deceased.

County Jail, where the nurse refused to admit him. Plaintiff was then taken to the University Medical Center at Brackenridge for treatment of his injuries. Plaintiff was charged with resisting arrest, but the charge was later dismissed.

On February 3, 2017, Plaintiff filed this suit. The Officers now move for summary judgment and object to the evidence Plaintiff submitted in opposition to the motion for summary judgment.

## Analysis

### I. Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343

(5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

Fact disputes preclude summary judgment on the majority of Plaintiff's claims. The events precipitating Plaintiff's arrest and the use of force by Officers Jimenez, Johnson, and Nguyen are disputed and require impermissible credibility determinations to evaluate. In assessing the Officers' motion for summary judgment, the Court views the facts in the light most favorable to Plaintiff. Consequently, as discussed in greater detail below, the Court denies summary judgment on the application of the independent intermediary doctrine, whether Officers Jimenez and Nguyen are entitled to qualified immunity, and whether Officers Jimenez and Nguyen are liable as bystanders. However, Officers Ramirez and Dear are entitled to judgment as a matter of law on Plaintiff's bystander liability allegations.

## A. Independent Intermediary Doctrine

Under the independent intermediary doctrine, an officer "will not be liable [for unlawful arrest] if *the facts* supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016) (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988)). Fifth Circuit precedent applies the independent intermediary doctrine "even if the independent intermediary's action occurred after the arrest and even if the arrestee was never convicted of any crime." *Id.* (footnotes omitted). The independent intermediary doctrine only applies where "all the facts are presented" to the independent intermediary and relevant information is not withheld. *Id.* But where law enforcement officials "taint" the probable cause finding by "withhold[ing] any relevant information or otherwise misdirect[ing] the magistrate or the grand jury by omission or commission," an independent intermediary's probable cause finding does not protect law enforcement officials. *Id.* at 554–55 (quoting *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010)).

Arguing the independent intermediary doctrine applies here, the Officers provide the affidavit for warrant of arrest and detention of Plaintiff signed by a magistrate judge. *See* Mot. Summ. J. [#47-2] Ex. 7 (Aff.). The affidavit, completed by Officer Johnson, represented Plaintiff was arrested for resisting arrest.[5] In response, Plaintiff argues the independent intermediary doctrine is unconstitutional and the magistrate's finding of probable cause was tainted.

---

[5] This cases joins a series of prior cases in which this Court has reviewed an incident where an individual was arrested and detained for "resisting arrest." When an individual is charged with resisting arrest, an officer should clearly identify the predicate offense for which the individual was being arrested. Failure to do so hinders the ability to evaluate unlawful arrest and excessive force claims.

As a preliminary matter, this Court applies the independent intermediary doctrine as articulated by the Fifth Circuit. Plaintiff argues the United States Supreme Court has rejected the independent intermediary doctrine. Resp. Mot. Summ. J. [#48] at 7–8 (citing *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1309 (5th Cir. 1987)). But, as Plaintiff recognizes, the Fifth Circuit has continued to apply the independent intermediary doctrine. *See id.*; *see also Lock v. Torres*, 694 F. App'x 960, 964 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 662 (2018). In light of the Fifth Circuit's recent and binding precedent, this Court declines to find the independent intermediary doctrine unconstitutional.

Additionally, because it is not clear whether all the facts were presented to the magistrate judge, the Officers are not entitled to summary judgment on the independent intermediary doctrine. *See Winfrey v. Rogers*, 882 F.3d 187, 201 (5th Cir. 2018) (holding independent intermediary doctrine did not apply where it was unclear whether Officer's affidavit presented all the facts). Based on the current record, Officer Johnson's affidavit was the only information presented to the magistrate judge. The affidavit represented Plaintiff refused to leave the area when ordered to do so, while Plaintiff claims he was attempting to leave the area when the Officers began using force against him and initiating an arrest. Given the contradictory nature of the affidavit and Plaintiff's account, a material fact issue exists on whether the magistrate's finding of probable cause was tainted by false or misleading statements by Officer Johnson.

### B. Qualified Immunity

Qualified immunity protects public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity

analysis involves two considerations: "(1) whether facts alleged or shown by plaintiff make out the violation of a constitutional right, and (2) if so, whether that right was clearly established at the time of the defendant's alleged misconduct." *Pasco v. Knoblauch*, 566 F.3d 572, 579 (5th Cir. 2009).

In moving for summary judgment, the Officers argue Plaintiff cannot establish an excessive force claim as a matter of law and Officers Jimenez and Nguyen are entitled to qualified immunity. Thus, the Court first examines whether Plaintiff can show a violation of his constitutional right to be free from excessive force and then considers whether that right was clearly established at the time of the Officers' alleged misconduct.

### i. Violation of a Constitutional Right

The Fourth Amendment confers a right to be free from excessive force during an arrest, investigatory stop, or other "seizure" of person. *Graham v. Connor*, 490 U.S. 386, 388 (1989). To establish a claim of excessive force under the Fourth Amendment, a plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Cass v. City of Abilene*, 814 F.3d 721, 731 (5th Cir. 2016).

First, "the Fifth Circuit requires a plaintiff to have 'suffered at least some sort of injury.'" *Curtis v. Mosher*, No. 3:12-CV-4866-B, 2014 WL 2452571, at *8 (N.D. Tex. June 2, 2014) (quoting *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993)). The "injury must be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed." *Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005). Plaintiff points to evidence he suffered severe bruising and swelling on his face, arms, hands, and ribs. *See* Resp. Mot. Summ. J. [#48] at 11. The Officers

argue these injuries were *de minimis* and therefore insufficient to give rise to a constitutional claim for excessive force.

Evaluating Plaintiff's alleged injuries in the context of his arrest, the Court finds Plaintiff points to sufficient evidence to raise a fact issue on the injury element. Plaintiff's alleged injuries are more than the "minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest...." *See Freeman v. Gore*, 483 F.3d 404, 417 (5th Cir. 2007). Relatively "insignificant injuries may 'qualify as a cognizable injury when the victim is maliciously assaulted by a police officer.'" *Schmidt v. Gray*, 399 F. App'x 925, 928 (5th Cir. 2010) (quoting *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)). At the time of Plaintiff's alleged injury, he claims he was attempting to leave the area in compliance with police orders and he did not resist. Viewing the facts in the light most favorable to Plaintiff, a reasonable jury could find Plaintiff's bruising qualifies as a legally cognizable injury.

The remaining two inquiries, whether Plaintiff's injury resulted from the use of clearly excessive and objectively unreasonable force, are "often intertwined." *See Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012). The Supreme Court has long recognized the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion of threat thereof to effect it. *Graham*, 490 U.S. at 396. Determining whether force is excessive or unreasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* Additional considerations that "may bear on the reasonableness or unreasonableness of the force used [include]: the relationship between the need for the use of force and

the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015).

Moreover, the "reasonableness" of a particular use of force is judged from the perspective of an officer at the scene, rather than the 20/20 vision of hindsight. *Graham*, 490 U.S. at 396. "Not every push or shove even if it may later seem unnecessary in the peace of a judge's chamber violated the Fourth Amendment." *Id.* (citation and internal quotation marks omitted). It is well-established that an officer may consider a suspect's refusal to comply with instructions in assessing whether physical force is needed to effectuate the suspect's compliance. *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (per curiam). In sum, excessive force claims are "necessarily fact-intensive" and whether the force used was excessive "depends on the facts and circumstances of each particular case." Id. (citation and quotation marks omitted).

Material fact disputes preclude judgment as a matter of law. Under Plaintiff's version of the facts, in combination with the few undisputed facts, a reasonable jury could find Officers Jimenez and Nguyen's use of force was excessive and objectively unreasonable. It is undisputed the Officers approached Plaintiff and his friends in response to a bar employee's allegations. Plaintiff claims he was attempting to leave the area when the officers began using force. The Officers admit Officer Jimenez grabbed Plaintiff's wrist and twisted it, pushed Plaintiff, and attempted to execute a leg sweep. The Officers also admit Officer Johnson repeatedly hit Plaintiff and Officer Nguyen repeatedly kneed Plaintiff. There has been no showing the Officers made any effort to tempter or limit the need for force or the amount of force.

A jury could conclude a reasonable officer would have found the Officers' use of force clearly excessive and objectively unreasonable. Under the totality of the circumstances as alleged by Plaintiff—where Plaintiff was attempting to comply with police orders and not acting aggressively—an officer at the scene would have found acts such as attempting a leg sweep, repeatedly hitting Plaintiff, and repeatedly kneeing Plaintiff unreasonable. Thus, a fact issue exists on whether Officers Jimenez and Nguyen violated Plaintiff's constitutional right to be free from excessive force.

### ii. Clearly Established Right

The Court also concludes Plaintiff's constitutional right was clearly established at the time of the Officers' alleged misconduct. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lytle v. Bexar Cty.*, 560 F.3d 404, 410 (5th Cir. 2009) (quoting *Saucier v. Katz,* 533 U.S. 194, 202 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223 (2009)). If officers of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Though the Court views all facts in the light most favorable to Plaintiff, the burden remains on Plaintiff "to negate the [qualified immunity] defense once properly raised." *See Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

At the time of the incident at issue, it was clearly established law that an officer violates the Fourth Amendment if he "quickly escalates[s] the situation" with a non-threatening, passively-resisting subject by employing overwhelming force "rather than continu[ing] to negotiate." *Doss v.*

*Helpenstell*, 626 F. App'x 453, 459–60 (5th Cir. 2015) (construing *Deville v. Marcantel*, 567 F.3d 156 (5th Cir. 2009)). Under Plaintiff's version of the facts, Officers Jimenez, Johnson, and Nguyen approached Plaintiff and his friends based on allegations made by a bar employee. Little conversation was conducted and Plaintiff exhibited, at most, passive resistance, when the three officers resorted to overwhelming physical force. A reasonable officer would have known abruptly resorting to overwhelming physical force rather than continuing verbal negotiations was unlawful in such a situation.

Genuine material fact issues preclude a determination of whether Officers Jimenez and Nguyen are entitled to qualified immunity on Plaintiff's excessive force claim. Viewing the facts in the light most favorable to Plaintiff, a reasonable jury could find Officers Jimenez and Nguyen violated Plaintiff's right to be free from excessive use of force, a right clearly established at the time of Plaintiff's arrest. Consequently, the Court denies the Officers' motion for summary judgment on Officers Jimenez and Nguyen's entitlement to qualified immunity concerning Plaintiff's excessive force allegation.

### C. Bystander Liability

A claim for bystander liability may be stated against an officer who did not personally act against the plaintiff. *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). To show bystander liability, a plaintiff must prove the officer (1) knew a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act. *Id.* However, bystander liability will not attach where an officer is not present at the scene of the constitutional violation. *Id.*

Plaintiff alleges Officers Ramirez and Dear should be held liable as bystanders because "they

wrongfully failed to stop the assault on [Plaintiff] . . . ." Am. Compl. [#14] ¶ 6.7. In moving for summary judgment, the Officers claim Officers Ramirez and Dear only arrived on the scene after Plaintiff has been handcuffed and arrested. *See* Mot. Summ. J. [#47] at 20 (citing generally the Officers' accounts of the events surrounding Plaintiff's arrest).

In response, Plaintiff merely asserts "[i]t is also unquestionable that Jimenez, Nguyen, and Ramirez and Dear each saw the actions taken by Johnson, Jimenez, Nguyen and did nothing to protect Bolton." Resp. Mot. Summ. J. [#48]. But Plaintiff provides no evidence to support this assertion. Plaintiff offers no evidence to show Officers Ramirez and Dear knew a fellow officer was violating an Plaintiff's constitutional rights or had a reasonable opportunity to prevent the harm. As a result, the Officers are entitled to summary judgment on Plaintiff's bystander liability claims against Officers Ramirez and Dear. *See Adams*, 465 F.3d at 164 (noting the court does not have a duty to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment).

But Plaintiff also alleges Officers Jimenez and Nguyen are liable as bystanders in addition to incurring direct liability for using excessive force. *See* Am. Compl. [#14] ¶¶ 5.8–5.10, 5.17. The Officers mistakenly argue Plaintiff only pled a bystander liability claim against Officers Ramirez and Dear. *See* Reply [#49] at 7–9. Thus, Plaintiff's bystander liability claims against Officers Jimenez and Nguyen survive summary judgment.

## Conclusion

Accordingly,

IT IS THEREFORE ORDERED that Defendants Randy Dear, Manuel Jimenez, Michael Nguyen, and Rolando Ramirez's Motion Summary Judgment [#47] is DENIED IN PART and GRANTED IN PART as described in this opinion;

IS FURTHER ORDERED that Defendants Rolando Ramirez and Randy Dear are DISMISSED; and

IT IS FINALLY ORDERED that Defendants Randy Dear, Manuel Jimenez, Michael Nguyen, and Rolando Ramirez Motion to Strike [#50] is DISMISSED.

SIGNED this the 25th day of May 2018.

*Sam Sparks*
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE